IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BEAUMONT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-87-RAW-SPS |
| KILOLO KIJAKAZI,[1] Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Charles Beaumont requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of hisr past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-seven years old at the time of the administrative hearing (Tr. 34). He completed twelfth grade and has worked as a medical equipment technician and auto mechanic (Tr. 19-20, 240). The claimant alleges that he has been unable to work since January 12, 2012, due to arthritis (Tr. 239).

## Procedural History

On July 17, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Laura Roberts conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 8, 2019 (Tr. 12-21). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant retained the residual functional capacity ("RFC") to perform sedentary work

-3-

as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he could frequently push and pull with his left upper extremity and frequently reach in all directions with his left upper extremity at shoulder level or above; never climb ropes/ladders/scaffolds, crouch, or crawl; and only occasionally stoop, kneel, climb ramps/stairs, and balance on uneven, moving, or narrow surfaces.  Finally, she found that he should not be performing work involving any exposure to unprotected heights or dangerous moving machinery (Tr. 16).  The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *e. g.*, document scanner, press machine operator, and suture winder (Tr. 19-21).

## Review

The claimant contends that the ALJ failed to properly evaluate the opinion of a state reviewing physician and thereby improperly discounted his impairments, and the undersigned Magistrate Judge agrees.

The ALJ found that the claimant had the severe impairments of cervical and lumbar degenerative disc disease and left upper extremity radiculopathy (Tr. 15).  The relevant medical evidence reveals that the claimant was in a motor vehicle accident in April 2012 which caused hyperextension injuries to his neck, thoracic spine, and lumbar spine and further caused him to continue to complain of neck and back pain through 2017 and 2018 (Tr. 334, 376). A 2014 MRI of the cervical spine revealed multilevel disc osteophyte complexes and mild left neural foraminal narrowing at the C5-C6 level (Tr. 444)

On February 27, 2018, Dr. Jim Burke, D.O. performed a physical consultative examination of the claimant (Tr. 468-474). Upon examination, Dr. Burke recorded limited range of motion in the back, neck, and left shoulder (Tr. 471-472). Dr. Burke also noted that the claimant had subjective complaints in, *inter alia*, the shoulders and knees, but that grip strength was 5/5 (Tr. 469). The claimant had normal hand skills and fine tactile manipulation, but his straight leg raise test was positive bilaterally in the seated and supine positions (Tr. 469). Dr. Burke also noted that the claimant ambulated with a cane in his left hand, to take the pressure off his back while he walks (Tr. 469). He assessed the claimant with rheumatoid arthritis, degenerative disc disease of the cervical and lumbar spine with chronic pain, left upper extremity radiculopathy, and right rotator cuff tear with limited range of motions, all by history (Tr. 470).

State agency physician Dr. Larry Ressler completed a physical RFC assessment on September 15, 2017 and concluded that the claimant could perform the full range of light work (Tr. 64-67). On review, Dr. Michael Young agreed that the claimant could perform light work, but that the claimant could only stand/walk up to four hours in an eight-hour workday, and that he should be limited to occasional push/pull for the left upper extremity and occasional overhead reaching and lateral reaching left upper extremity (Tr. 81). Additionally, he indicated that the claimant could only occasionally stoop. In support, Dr. Young noted the claimant's decreased range of motion of the left shoulder (Tr. 81).

At the administrative hearing, the ALJ questioned the vocational expert ("VE") about jobs the claimant could perform with certain limitations. At one point, the ALJ asked the VE a hypothetical that included a limitation of occasional reaching in all directions

with the left upper extremity at shoulder level or above (Tr. 54). In response to that hypothetical, the VE responded that there were neither light nor sedentary jobs available because a limitation as to upper extremities as to reaching and pushing/pulling would eliminate competitive work (Tr. 55). The ALJ then asked if there would be jobs available if that limitation were removed or moved to "frequent," and the VE then responded with the three jobs the ALJ ultimately adopted at step five (Tr. 55-56).

In her written opinion, the ALJ summarized the claimant's testimony and the medical record. In discussing the opinion evidence, the ALJ rejected Dr. Young's opinion as to the limitation of the left upper extremity because: (i) Dr. Young relied heavily on Dr. Burke's CE exam, which she asserted "relied on historical diagnoses and on the claimant's own reports rather than objective medical findings"; (ii) the record showed no ongoing treatment for the claimant's shoulder; and (iii) the state reviewing physicians did not have longitudinal medical records (Tr. 19). She then adopted all limitations suggested by Dr. Young except the one as to his left upper extremity and determined that he could perform sedentary work (Tr. 19-21).

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of

treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

In this case, the ALJ thoroughly summarized Dr. Young's reviewing opinion, as well as Dr. Burke's consultative examination, but did not discuss the persuasiveness of these opinions. This was error because the regulations discussed above require the ALJ to explain how persuasive she found the medical opinions she considered, and as part of that explanation, also require her to specifically discuss the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(b)&(c), 416.920c(b)&(c). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

-7-

The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, the ALJ erred in applying these factors. As to the supportability factor, she erroneously stated that Dr. Burke's opinion was based on the claimant's subjective statements rather than the actual physical examination that provided specific findings as to the limitations of the claimant's range of motion (Tr. 471-472). She then used this erroneous assumption to discount Dr. Young's review of the entire record, which *did* contain longitudinal records. This in turn likewise affected the validity of her evaluation of the persuasiveness of Dr. Young's opinion because it is based on reasoning not borne out by the record. Dr. Young used the only in-person physical examination in the record that spoke to the claimant's specific limitations to formulate his opinion and the ALJ improperly rejected this opinion as not persuasive. It was error for the ALJ to "pick and choose" her way through the evidence in this record in order to avoid finding the claimant disabled, which appears to be the case based on the transcript from the administrative hearing as to the claimant's reaching limitations (Tr. 54-56). *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]; *Clifton v. Chater,* 79 F.3d 1007,

1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted].

Because the ALJ failed to properly evaluate Dr. Young's opinion in addition to Dr. Burke's, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**